U.S. DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

SEP 24 2019

FILED

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:14-cr-93-LM |
| | ) | |
| KOSMAS KOUSTAS, | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

Pursuant to Rules 11(c)(1) (A), (B), and (C) of the Federal Rules of Criminal Procedure, the United States of America by its attorney, Scott W. Murray United States Attorney for the District of New Hampshire, and the defendant, Kosmas Koustas, and the defendant's attorney, Victoria Kelleher, Esquire, enter into the following Plea Agreement:

1.   The Plea and the Offense.

The defendant agrees to plead guilty to a one-count Superseding Information that charges him with conspiracy to possess with the intent to distribute a controlled substance, specifically, marijuana and methylenedioxymethamphetamine (MDMA), a/k/a Ecstasy, a/k/a Molly, Schedule I controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

In exchange for the defendant's guilty plea, the United States agrees to the sentencing stipulations identified in Section 6 of this agreement and agrees to move to dismiss the underlying Indictment when the defendant is sentenced.

2.   The Statute and Elements of the Offense.

**Count One--- Conspiracy To Possess With Intent to Distribute Controlled Substances**

Title 21, United States Code, Section 841(a)(1) provides, in pertinent part that "It shall be unlawful for any person knowingly or intentionally to . . . possess with the intent to distribute a

−1−

controlled substance."   Title 21, United States Code, Section 846, provides that it is unlawful to conspire to violate 21 U.S.C. § 841.

The defendant understands that the offense has the following elements, each of which the United States would be required to prove beyond a reasonable doubt at trial:

FIRST, that the agreement specified in the information, and not some other agreement or agreements, existed between at least two people to distribute or possess with intent to distribute a controlled substance; and

SECOND, that the defendant willfully and knowingly joined in that agreement.   United States v. Morillo, 158 F.3d 18, 23 (1st Cir. 1998).

3.   Offense Conduct.

The defendant stipulates and agrees that if this case proceeded to trial, the government would prove the following facts and those facts would establish the elements of the offense beyond a reasonable doubt:

The defendant participated in a conspiracy with other individuals to distribute marijuana and ecstasy New Hampshire. Based on wire intercepts, law enforcement determined that the defendant obtained marijuana for distribution from a conspiracy member located in the Millbury and Worcester, Massachusetts ("Massachusetts source").   After the defendant obtained the marijuana from the Massachusetts source, he transported it to New Hampshire and then distributed it to numerous co-conspirators, including two known conspirators, in New Hampshire for further distribution.   Wire intercepts also showed that the defendant obtained quantities of ecstasy that he provided to the same known conspirators for further distribution in the same manner as the marijuana

–2–

The United States would prove the case against the defendant by presenting the testimony of cooperating witnesses, wire intercepts between the defendant and his confederates, and evidence seized during the execution of a search warrant at the defendant's residence.

4.   <u>Penalties and Special Assessment</u>.

The defendant understands that the penalties for the offense are:

A.     A maximum prison term of twenty years;

B.     A maximum fine of $1,000,000;

C.     A term of supervised release of not less than three (3) years; and

D.     A mandatory special assessment of $100 that is due at the time of sentencing.

The defendant understands that the defendant's failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring the defendant to serve in prison all or part of the term of supervised release, with no credit for time already spent on supervised release (18 U.S.C. § 3583).

5.   <u>Sentencing and Application of the Sentencing Guidelines</u>.

The defendant understands that the Sentencing Reform Act of 1984 applies in this case and that the Court is required to consider the United States Sentencing Guidelines as advisory guidelines.   The defendant further understands that he has no right to withdraw from this Plea Agreement if the applicable advisory guideline range is different than he anticipates.

The defendant also understands that the United States and the United States Probation Office shall:

A.     Advise the Court of any additional, relevant facts that are presently known or may subsequently come to their attention;

B.     Respond to questions from the Court;

–3–

C.      Correct any inaccuracies in the pre-sentence report;

D.      Respond to any statements made by him or his counsel to a probation officer or to the Court.

The defendant understands that the United States may address the Court with respect to an appropriate sentence to be imposed in this case subject to the terms of this Agreement.

The defendant acknowledges that any estimate of the probable sentence or the probable sentencing range under the advisory Sentencing Guidelines that he may have received from any source is only a prediction and not a promise as to the actual sentencing range under the advisory Sentencing Guidelines that the Court will adopt.

6.   Sentencing Agreement.

In exchange for the defendant's guilty plea, pursuant to Fed. R. Crim. 11(c)(1)(B), the United States agrees:

It will not oppose a motion by the defendant to terminate his supervised release if the defendant (1) does not commit any violations of his supervised release conditions during his first year of supervised release.

The defendant understands that the Court is not bound by the foregoing agreement enumerated as 1.   The defendant also understands that if the Court does not accept this agreement such rejection by the Court will not be a basis for the defendant to withdraw his guilty plea.

In exchange for the defendant's guilty plea, pursuant to Fed. R. Crim. 11(c)(1)(A) and (C), the parties agree to the following binding stipulation:

(1) a time-served sentence is the appropriate disposition of this case.

–4–

The parties intend the above stipulation   to be binding under Fed. R. Crim. P. 11(c)(1)(C). By using the word "binding," the parties mean that if the Court will not accept the Plea Agreement under Fed. R. Crim. P. 11(c)(3)(A), the Plea Agreement is null and void and the defendant will be allowed the opportunity to withdraw his guilty plea.   The parties will not be allowed to withdraw from the Plea Agreement for any other reason.

The United States and the defendant are free to make recommendations with respect to the sentence as each party may deem lawful and appropriate, unless such recommendations are inconsistent with the terms of this Plea Agreement.

7.   Acceptance of Responsibility.

The United States agrees that it will not oppose an appropriate reduction in the defendant's adjusted offense level, under the advisory Sentencing Guidelines, based upon the defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the offense.   The United States, however, may oppose any adjustment for acceptance of responsibility if the defendant:

A.   Fails to admit a complete factual basis for the plea at the time he is sentenced or at any other time;

B.   Challenges the United States' offer of proof at any time after the plea is entered;

C.   Denies involvement in the offense;

D.   Gives conflicting statements about that involvement or is untruthful with the Court, the United States or the Probation Office;

E.   Fails to give complete and accurate information about his financial status to the Probation Office;

–5–

F.  Obstructs or attempts to obstruct justice, prior to sentencing;

G.  Has engaged in conduct prior to signing this Plea Agreement which reasonably could be viewed as obstruction or an attempt to obstruct justice, and has failed to fully disclose such conduct to the United States prior to signing this Plea Agreement;

H.  Fails to appear in court as required;

I.  After signing this Plea Agreement, engages in additional criminal conduct; or

J.  Attempts to withdraw his guilty plea.

The defendant understands and agrees that he may not withdraw his guilty plea if, for any of the reasons listed above, the United States does not recommend that he receive a reduction in his sentence for acceptance of responsibility.

The defendant also understands and agrees that the Court is not required to reduce the offense level if it finds that he has not accepted responsibility.

If the defendant's offense level is sixteen or greater, and he has assisted the United States in the investigation or prosecution of his own misconduct by timely notifying the United States of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources efficiently, the United States will move, at or before sentencing, to decrease the defendant's base offense level by an additional one level pursuant to U.S.S.G. § 3E1.1(b).

8.  Waiver of Trial Rights and Consequences of Plea.

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.   The defendant also understands that he has the right:

A.  To plead not guilty or to maintain that plea if it has already been made;

B.  To be tried by a jury and, at that trial, to the assistance of counsel;

C.  To confront and cross-examine witnesses;

D.  Not to be compelled to provide testimony that may incriminate him; and

E.  To compulsory process for the attendance of witnesses to testify in his defense.

The defendant understands and agrees that by pleading guilty he waives and gives up the foregoing rights and that upon the Court's acceptance of his guilty plea, he will not be entitled to a trial.

The defendant understands that if he pleads guilty, the Court may ask him questions about the offense, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers will be used against him in a prosecution for perjury or making false statements.

9.  Acknowledgment of Guilt; Voluntariness of Plea.

The defendant understands and acknowledges that he:

A.  Is entering into this Plea Agreement and is pleading guilty freely and voluntarily because he is guilty;

B.  Is entering into this Plea Agreement without reliance upon any promise of benefit of any kind except as set forth in this Plea Agreement or revealed to the Court;

C.  Is entering into this Plea Agreement without threats, force, intimidation, or coercion;

D.  Understands the nature of the offense to which he is pleading guilty, including the penalties provided by law; and

E.  Is completely satisfied with the representation and advice received from his undersigned attorney.

–7–

10.  Scope of Agreement.

The defendant acknowledges and understands that this Plea Agreement binds only the undersigned parties and cannot bind any other non-party federal, state or local authority.   The defendant also acknowledges that no representations have been made to him about any civil or administrative consequences that may result from his guilty plea.   The defendant understands such matters are solely within the discretion of the specific non-party government agency involved.   The defendant further acknowledges that this Plea Agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving the defendant.

11.  Collateral Consequences.

The defendant understands that, as a consequence of his guilty plea, he will be adjudicated guilty and may thereby be deprived of certain federal benefits and certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms.

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible. The defendant also understands that if he is a naturalized citizen, his guilty plea may result in ending his naturalization, which would likely subject him to immigration proceedings and possible removal from the United States. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal

–8–

from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

12.   Satisfaction of Federal Criminal Liability; Breach.

The defendant's guilty plea, if accepted by the Court, will satisfy his federal criminal liability in the District of New Hampshire arising from his participation in the conduct that forms the basis of the information in this case.   The defendant understands that if, before sentencing, he violates any term or condition of this Plea Agreement, engages in any criminal activity, or fails to appear for sentencing, the United States may consider such conduct to be a breach of the Plea Agreement and may withdraw therefrom.

13.   Waivers.

A.   Appeal.

The defendant understands that he has the right to challenge his guilty plea and/or sentence on direct appeal.   By entering into this Plea Agreement the defendant knowingly and voluntarily waives his right to challenge on direct appeal:

1.   His guilty plea and any other aspect of his conviction, including, but not limited to, adverse rulings on pretrial suppression motion(s) or any other adverse disposition of pretrial motions or issues; and

2.   The sentence imposed by the Court if it is consistent with or lower than the stipulated sentence specified in Section 6 of this agreement.

The defendant's waiver of his rights does not operate to waive an appeal based upon new

–9–

legal principles enunciated in Supreme Court or First Circuit case law after the date of this Plea Agreement which the Supreme Court or First Circuit have decided should apply retroactively; or on the ground of ineffective assistance of counsel.

B.     Collateral Review

The defendant understands that he may have the right to challenge his guilty plea and/or sentence on collateral review, e.g., a motion pursuant to 28 U.S.C. §§ 2241 or 2255.  By entering into this Plea Agreement, the defendant knowingly and voluntarily waives his right to collaterally challenge:

1.     His guilty plea, except as provided below, and any other aspect of his conviction, including, but not limited to, adverse rulings on pretrial suppression motion(s) or any other adverse disposition of pretrial motions or issues; and

2.     The sentence imposed by the Court if it is consistent with or lower than the stipulated sentence specified in Section 6 of this agreement.

The defendant's waiver of his right to collateral review does not operate to waive a collateral challenge to his guilty plea on the ground that it was involuntary or unknowing, or on the ground of ineffective assistance of counsel.   The defendant's waiver of his right to collateral review also does not operate to waive a collateral challenge based on new legal principles enunciated in Supreme Court or First Circuit case law decided after the date of this Plea Agreement which the Supreme Court or First Circuit have decided should apply retroactively.

C.     Freedom of Information and Privacy Acts

The defendant hereby waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of the case underlying this Plea Agreement,

–10–

including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. §552, or the Privacy Act of 1974, 5 U.S.C. §522a.

      D.      Appeal by the Government

Nothing in this Plea Agreement shall operate to waive the rights or obligations of the Government to pursue an appeal as authorized by law.

      14.  <u>No Other Promises</u>.

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement or revealed to the Court, and none will be entered into unless set forth in writing, signed by all parties, and submitted to the Court.

      15.  <u>Final Binding Agreement</u>.

None of the terms of this Plea Agreement shall be binding on the United States until this Plea Agreement is signed by the defendant and the defendant's attorney and until it is signed by the United States Attorney for the District of New Hampshire, or an Assistant United States Attorney.

16.    Agreement Provisions Not Severable.

The United States and the defendant understand and agree that if any provision of this

Plea Agreement is deemed invalid or unenforceable, then the entire Plea Agreement is null and

void and no part of it may be enforced.

Date: 9/24/19

Scott W. Murray
United States Attorney

By: _____
Seth R. Aframe
Assistant U.S. Attorney
Massachusetts Bar # 643288
53 Pleasant St., 4th Floor
Concord, NH 03301

The defendant, Kosmas Koustas certifies that he has read this 12-page Plea Agreement
and that he fully understands and accepts its terms.

Date: 9/24/19            _____
                         Kosmas Koustas, Defendant

I have read and explained this 12-page Plea Agreement to the defendant, and he has
advised me that he understands and accepts its terms.

Date: 9/24/19            _____
                         Victoria Kelleher, Esquire
                         Attorney for Kosmas Koustas

–12–